UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BROADCAST MUSIC, INC.;
MJ PUBLISHING TRUST,

                                      Plaintiffs,

   -v.-                                                                5:10-CV-1149
                                                                                     (NAM/ATB)

METRO LOUNGE & CAFÉ LLC, et al.,

                                        Defendants.
_____

SAMMER ESSI, Plaintiff pro se
PAUL I. PERLMAN, ESQ., Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, United States District Judge.

This action was filed by plaintiffs Broadcast Music, Inc. ("BMI") and MJ Publishing Trust ("MJ"), alleging copyright infringement against defendants in connection with alleged public performances of music at the Metro Lounge & Café ("Metro Lounge"). (Dkt. No. 1). Presently before the court are plaintiffs' motions for discovery sanctions as against defendant Sammer Essi, as well as for default as against Metro Lounge. (Dkt. Nos. 34, 37).

**I.    Background**

Defendants filed their answer on February 11, 2011. (Dkt. No. 16). All three of the defendants were originally represented by the same attorney. In addition to Sammer Essi, and Gabriel Sande, individually, Metro Lounge was named as an entity. On January 3, 2012, I granted defense counsel's motion to withdraw. (Text Order

dated Jan. 3, 2012). Mr. Essi was directed to obtain new counsel. (*Id.*) Mr. Sande, represented by new counsel,[1] entered into a settlement agreement with plaintiffs and was terminated as a defendant on April 11, 2012. (Dkt. No. 32).

On January 10, 2012, Mr. Essi appeared before me and stated that he had not yet been able to retain an attorney, and I extended his deadline to do so until January 17, 2012. I also informed him that his past-due discovery responses were due on January 31, 2012, and his deposition was to be completed by February 14, 2012, whether or not he retained counsel. (Text Orders dated Jan. 3 & 10, 2012).

On January 22, 2012, I held a status conference, during which Mr. Essi stated that he would be representing himself. (Text Order dated Jan. 22, 2012). I informed defendant Essi that he could represent himself as an individual, but he could not represent Metro Lounge, the corporate defendant. (*Id.*) I ordered defendant Essi to provide the outstanding discovery, directed to him individually, by March 31, 2012, and I informed Mr. Essi that he was responsible for producing this discovery, notwithstanding any further delay in obtaining counsel for Metro Lounge. (*Id.*) I extended the deadline to complete Mr. Essi's deposition to April 29, 2012, I extended the deadline for all discovery to May 18, 2012, and I extended the deadline for dispositive motions to June 26, 2012. (*Id.*)

On April 25, 2012, I held another status conference. Mr. Essi attended the conference in-person. Plaintiff's counsel agreed to send defendant Essi another copy of the discovery requests because defendant had still failed to respond to discovery. I

---

[1] New counsel for Mr. Sande filed a notice of appearance on February 7, 2012. (Dkt. No. 27).

gave defendant Essi until May 18, 2012 to respond to the outstanding discovery. To the extent that documents were no longer available, defendant Essi was ordered to provide the plaintiffs' counsel with a sworn affidavit, explaining how the documents were lost or destroyed. (Text Order dated April 25, 2012). Defendant Essi also stated that he had been unable to retain an attorney to represent Metro Lounge. I granted plaintiffs' counsel leave to file whatever motions he deemed appropriate regarding the lack of representation for the corporate defendant. (*Id.*)

On June 8, 2012, plaintiffs filed a motion requesting that, if defendant Metro Lounge did not appear by counsel within fourteen days of an order requiring it to do so, plaintiffs would be authorized to ask the Clerk to "enter a Notice of Default" and upon such entry, the plaintiffs would be authorized to move for a "Default Judgment." (Dkt. No. 34). On June 13, 2012, I issued a Text Order, giving defendant Essi "one final opportunity to fully comply with this court's 4/24/12 Text Order. In my June 13th Text Order, I also stated that defendant Essi's failure to comply with the court's prior orders by June 25, 2012 "MAY RESULT IN THE IMPOSITION OF SANCTIONS AGAINST HIM INCLUDING THE POSSIBLE ENTRY OF A DEFAULT JUDGMENT . . . ." (Text Order dated June 13, 2012).

On June 26, 2012, defendant Essi attempted to file a letter, explaining why he could not afford to retain counsel for Metro Lounge and explaining that some of the documents in question were no longer available due to a fire and subsequent water damage at the restaurant. (Dkt. No. 36). The letter was stricken from the docket because defendant Essi neglected to include a certificate of service on plaintiffs. (Dkt.

No. 36). Also on June 26, 2012, plaintiffs filed a motion for discovery sanctions, including default, against Mr. Essi as the individual pro se defendant. (Dkt. No. 37). Defendant Essi has not responded to the motion for sanctions.[2]

## II. Discovery Sanctions

### A. Legal Standards

Rule 37(b) of the Federal Rules of Civil Procedure provides that if an individual fails to comply with a court order regarding discovery, the court may take various steps to sanction the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(i-vii). The sanctions include an order establishing facts, an order precluding evidence, issues or claims, and an order striking pleadings. *Id.* Rule 37(b)(2)(A)(vi) authorizes the court to render a default judgment for failure to comply with a discovery order.

The imposition of sanctions under Rule 37 is within the discretion of the district court. *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir 2002). A default judgment, the most severe sanction that a court can apply, should be imposed as a discovery sanction only in extreme circumstances. *See Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 249 (2d Cir. 1996) (citations omitted). The court may consider the full record in selecting the appropriate sanction. *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citing *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). The court should also consider the willfulness of the non-compliant party; the reasons

---

[2] Defendant Essi cannot respond to the motion for the plaintiffs' June 8, 2012 motion for default because it is addressed to defendant Metro Lounge, and defendant Essi may not respond on behalf of the LLC.

4

for the noncompliance; the efficacy of lesser sanctions; the duration of the noncompliance; and whether the party has been warned of the consequences of the noncompliance. *Amatangelo v. National Grid USA Service Co., Inc.*, No. 04-CV-246, 2007 WL 4560666, at *8 (W.D.N.Y. Dec. 18, 2007) (citing *3801 Beach Channel, Inc. v. Shvartzman*, No. 05-CV-207, 2007 WL 2891119, at *4 (E.D.N.Y. 2007)). The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in a dismissal or a default judgment. *Woodward v. Beam*, No. 07-CV-645, 2008 WL 4998398, at *2 (W.D.N.Y. Nov. 19, 2008) (citations omitted).

Rule 37(b)(2)(C) provides that instead of, or in addition to the various sanctions listed in the rule, the court must order the disobedient party, the attorney for that party, or both to pay the reasonable expenses, including attorneys fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust.

**B.     Application**

In this case, plaintiffs move for a default judgment as a sanction for Mr. Essi's failure to answer plaintiffs' request for discovery after being ordered to do so several times by the court. (Dkt. No. 37). Plaintiffs served their document requests, interrogatories, and requests for admissions on September 22, 2011. (Pls.' Exs. 1, 2) (Dkt. No. 37-1). Defendant Essi did not respond to the discovery request, and plaintiffs sent a second request on October 28, 2011. (Pls.' Ex. 3). On November 8, 2011, plaintiffs served a notice to take defendant Essi's deposition on December 9,

2011. (Pls.' Ex. 4). Defendant Essi has never responded to the plaintiffs' interrogatories at all.

At the same time that the court granted defendant Essi's counsel's motion to withdraw, the court reminded defendant Essi that the "[o]utstanding interrogatories and document requests must be provided to new counsel, and that defendant Essi must advise his new attorney that the responses were due by January 31, 2012. (Text Order Dated Jan. 3, 2012). On January 10, 2012, after defendant Essi told the court that he had been unable to retain new counsel, I gave the defendant an extension of time to do so, but told him that the "previously set" deadlines for providing "past-due" discovery responses and to submit to a deposition "remain in effect." (Text Order dated Jan. 10, 2012).

Defendant Essi did not respond to the discovery, and on February 22, 2012, I told plaintiffs' counsel to provide defendant with "another copy" of the interrogatories and document requests "the responses to which are delinquent." I ordered defendant Essi to respond to those discovery requests by March 31, 2012, notwithstanding his inability to locate an attorney. I also told defendant Essi that he must submit to a deposition on or before April 29, 2012. On March 30, 2012, defendant served an incomplete response to the plaintiffs' first request for documents. (Pls.' Ex. 6). The "response" consisted of the plaintiffs' papers, with defendant Essi's handwritten responses to *some* of the requests.

There were brief penciled-in responses to Requests Nos. 8-14, which were not "documents," but were statements of what the documents might contain. Request No.

6

8 asked for all documents reflecting the maximum lawful capacity of the entire Metro Lounge. Defendant simply penciled-in "101 capacity." Although defendant's penciled-in responses for Requests Nos. 9, 11-12, state that documents were "enclosed," plaintiffs state that no documents were attached. Defendant stated that there were no records reflecting the music performed or provided at the Metro Sushi Lounge on November 6, 2009 and November 7, 2009. In response to the question asking about documents reflecting ownership of the building, defendant penciled-in that the building was "owned by uncle." Plaintiffs requested a copy of the defendant's ASCAP licensing agreements from 2007 until the present, and defendant answered that the "bill" was enclosed "what we could salvage." However, plaintiffs claim that no document was attached to the responses. Defendant Essi does not claim otherwise.

On April 25, 2012, I held another status conference, and I ordered the plaintiffs to provide defendant Essi "another copy" of the discovery requests for which the responses were still outstanding, including sworn responses to plaintiffs' interrogatories. (Text Order dated April 25, 2012). I told plaintiff to provide "any other available documents," and to the extent that the documents were no longer available, he was to provide an *affidavit*, explaining the circumstances under which the relevant documents were lost or destroyed as a result of a fire and/or other events at the Metro Lounge.

Notwithstanding my April 25, 2102 order, defendant Essi failed to provide the requested material, and failed to provide a **sworn statement**, attesting to the unavailability of the documents requested. On June 12, 2012, plaintiffs filed a letter,

7

asking the court to "reissue" its April 25, 2012 Text Order, giving defendant Essi another chance to comply with discovery requests or suffer the consequences of a potential default judgment. (Dkt. No. 35).  On June 13, 2012, I issued another Text Order, giving defendant Essi "one final opportunity" to fully comply with this court's prior order. (Text Order dated June 13, 2012).  In my June 13th Order, I specifically warned defendant Essi that his failure to comply with the court's orders by June 25, 2012 could result in the imposition of sanctions "INCLUDING THE POSSIBLE ENTRY OF A DEFAULT JUDGMENT. . . ." (*Id.*)   The warning to defendant was crystal clear.

Defendant Essi's, June 26, 2012 "attempted" filing requested assistance from the court in proceeding toward "settlement." (Dkt. No. 36).  The letter explained defendant Essi's problems with the business and noted that his "partner" was able to settle with plaintiffs for considerably less than they were asking from him.  Defendant attached a four page document, purportedly a letter, addressed to BMI.  In the letter addressed to the court, defendant also mentioned his problems with insurance and other issues.  The document was not sworn to as the court had directed, and there was no certificate of service upon plaintiffs.[3]   Defendant still failed to obey the court's orders regarding discovery.  I ordered that the letter be stricken because of the deficiencies. (Dkt. No. 38).  He has also failed to respond to the motion for discovery sanctions.

---

[3] Although in the letter, plaintiff states that he was "forwarding" a copy to BMI and "would like a confirmation they received it in writing," it did not contain a proper certificate of service. (Dkt. No. 36).

Based upon the entire record and upon defendant Essi's continued failure to abide by the court's orders, the court finds that a default judgment would be appropriate. Defendant has *willfully* failed to produce the relevant documents after at least four orders to do so by the court. When he "responded" to the document requests, he neglected to attach the documents that he stated he was attaching to the response. The court understood that some of the documents could be unavailable and afforded defendant the opportunity to submit an affidavit, explaining why he could not produce these documents. Defendant also failed to comply with that order.

Defendant states that the reason for the noncompliance is because the documents may not be available due to a fire and subsequent water damage at the Metro Lounge. However, as stated above, defendant listed some documents in the response he sent to plaintiffs without attaching the relevant documents. If that had been a mistake, he could have corrected it by sending the documents by separate cover, but he has not done so even after the plaintiffs pointed it out in their motion for discovery sanctions. When given the opportunity to submit an affidavit, attesting that certain documents were no longer available to him, he failed to comply. Thus, although the court was somewhat sympathetic to his stated plight and his lack of funds, defendant has not acted in good faith with respect to plaintiffs' attempts at discovery, nor has he acted in good faith in complying with the court's orders.

The defendant's failure to comply has now lasted since September of 2011, when plaintiffs first requested the discovery. It does not appear that defendant will ever send the documents to the plaintiff. "Lesser" sanctions are ineffective because it

is unclear that defendant could pay monetary sanctions, and prohibiting him from presenting evidence is tantamount to a default judgment in this case. Finally, defendant was specifically warned that his continued failure to abide by the court's orders could result in the entry of a default judgment against him. Thus, this court recommends that a default judgment be entered as to liability.

The court notes that Rule 37 also provides for attorneys fees and costs in addition to or in lieu of any other sanction, unless the court finds such an award to be unjust. Fed. R. Civ. P. 37(b)(2)(C). Based upon this court's finding that a default judgment should be entered in this case and if so, defendants will be assessed damages for the statutory violations, the court finds that to award additional fees at this time would be unjust, and given defendant Essi's stated financial status, awarding further expenses would be futile.

## III.  Default and Dismissal

### A.  Legal Standards

It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself.[4] *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). *See also* 28 U.S.C. § 1654. In *Berrios v. N.Y. City Housing Authority*, 564 F.3d 130, 133 (2d Cir. 2009), the court made it clear that the rule prohibiting an entity from proceeding *pro se* applies to a corporation of which the individual is the sole shareholder; a limited liability company of which he is the sole member; a

---

[4] An limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). The exception is not applicable to this case.

partnership of which he is a partner; a co-party in the litigation; an estate that has beneficiaries or creditors other than the lay litigant; or a minor child. *Id.* Courts have also disapproved any circumvention of this rule by the "procedural device" of assigning the corporation's claims to the lay individual. *See Sanchez v. Walentin*, No. 10-CV-7815, 2012 WL 336159 (S.D.N.Y. Jan. 31, 2012) (citing cases). A corporation may not take any action "pro se," including the execution of a stipulation of settlement. *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192-93 (2d Cir. 2006) (citations omitted). In *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010), the Second Circuit stated that the court has a responsibility to ensure appropriate representation for the parties appearing before it, even if those parties do not raise the issue.

    B.    **Application**

Although Metro Lounge initially appeared through counsel, the attorney withdrew, leaving the company unrepresented. Mr. Essi was told numerous times that the company could not proceed without counsel, and he initially told the court that he would attempt to retain new counsel for the company. However, it is clear from Mr. Essi's later representations that he was not able to, and will not be able to retain new counsel to defend on behalf of the company.

The appropriate action for the court to take when a defendant corporation does not appear through counsel is to enter a default judgment against the defendant. *See Grace*, 443 F.3d at 192. In this case, plaintiffs' motion asks only that defendant be given another two weeks within which to appear by counsel. However, this court finds that defendant has been well-aware of the requirement for quite some time, and

that, an additional two weeks would not solve the defendant's problem. Thus, this court will recommend that a default judgment be entered against Metro Lounge based on its continued failure to appear through counsel after its original attorney withdrew.

## IV.    Damages

The plaintiffs' motion did not include an assessment of the damages in this case. Although the damages are statutory, there are costs and attorneys fees requested in the complaint. (Dkt. No. 1). The court must ensure that there is a reasonable basis for the damages specified in a default judgment. *J & J Sports Productions, Inc. v. Imperial Lounge & Sports Bar, Inc.*, No. CV 08-2061, 2012 WL 1356598, at *1-2 (E.D.N.Y. March 30, 2012) (Report-Recommendation) (citations omitted). Thus, although I recommend the entry of a default judgment as to liability for both defendants based on the record, damages must be determined at a later date. Fed. R. Civ. P. 55(b)(2)(B). The court need not necessarily hold a hearing on damages if the court may rely upon detailed affidavits and documentary evidence. *See United States v. Cafolla*, No. 5:12-CV-127, 2012 WL 2469968, at *5-6 & n.3 (N.D.N.Y. June 27, 2012) (citations omitted).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiffs' motion for discovery sanctions in the form of a default judgment against individual defendant Sammer Essi (Dkt. No. 37) be **GRANTED**, and that a default judgment be entered with respect to liability against the defendant, and it is

**RECOMMENDED**, that plaintiffs' motion for an Order giving defendant

Metro Lounge fourteen (14) more days within which to obtain an attorney (Dkt. No. 34) be **DENIED AS MOOT**, and it is

    **RECOMMENDED**, that a default judgment with respect to liability be entered against defendant Metro Lounge based upon its failure to appear through counsel, and it is

    **RECOMMENDED**, that if the court adopts this recommendation, the court hold a damage inquest by affidavit or otherwise, to determine the amount of damages in this case, and it is

    **ORDERED**, that the Clerk serve copies of this Report-Recommendation upon defendants.

    Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 18, 2012

                                                _Andrew T. Baxter_
                                                **Hon. Andrew T. Baxter**
                                                **U.S. Magistrate Judge**