UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**BROADCAST MUSIC, INC.; MJ PUBLISHING TRUST,**

                                **Plaintiffs,**

                    -v-                                        5:10-CV-1149 (NAM/ABT)

**METRO LOUNGE & CAFÉ LLC, d/b/a/ METRO SUSHI BAR & LOUNGE, SAMMER ESSI, individually, and GABRIEL J. SANDE, individually,**

                                **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Hodgson Russ LLP
Paul I. Perlman, Esq., of counsel
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Attorney for Plaintiffs

Sammer Essi
Defendant, pro se

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In their complaint, plaintiffs allege that defendants infringed plaintiffs' copyrights in connection with public performances of music at the Metro Lounge and Café ("Metro Lounge"). United States Magistrate Judge Andrew T. Baxter has issued an Order and Report and Recommendation (Dkt. No. 40), recommending that this Court grant plaintiffs' motion (Dkt. No. 37) for discovery sanctions in the form of a default judgment on liability against defendant Sammer Essi ("Essi"). Magistrate Judge Baxter further recommends that default judgment on liability be entered against Metro Lounge based on its failure to appear through counsel. He thus recommends denying as moot plaintiffs' motion (Dkt. No. 34) for an order allowing plaintiffs to

seek a Clerk's Entry of Default against Metro Lounge if it did not appear by counsel within 14 days. Magistrate Judge Baxter recommends denial of attorney's fees. Further, he recommends that the Court hold an inquest, by affidavit or otherwise, to determine the amount of damages.

Essi has submitted an objection (Dkt. No. 41) to the Order and Report and Recommendation on his own behalf and purportedly on behalf of Metro Lounge. Essi makes various allegations regarding his business problems. He indicates that he wants to settle the matter. He also states, with respect to his answers to interrogatories: "I answered what I could, I could not compile any paper data[.]"

In light of Essi's objections, the Court conducts *de novo* review regarding the issue of an entry of default and determination of liability against Essi, bearing in mind his pro se status. The Order and Report and Recommendation addresses in detail Essi's failure to respond adequately to plaintiffs' interrogatories and document requests. The record reflects Magistrate Judge Baxter's extensive efforts to inform Essi of his disclosure obligations, to provide notice of the consequences of his failure, and to extend opportunities for him to comply. On *de novo* review, the Court agrees with Magistrate Judge Baxter's conclusion that "defendant [Essi] has not acted in good faith with respect to plaintiffs' attempts at discovery, nor has he acted in good faith in complying with the court's orders." The Court adopts the Order and Report and Recommendation regarding Essi.

As for Metro Lounge, an artificial entity must appear by counsel; accordingly Essi's objection to the Report and Recommendation on behalf of Metro Lounge is a nullity, and Metro Lounge is deemed to have failed to object. The Court has reviewed the record and finds that Magistrate Judge Baxter gave Essi and Metro Lounge appropriate warning, notice, and

opportunity to avoid default on the part of Metro Lounge. The Court finds no error in the Report and Recommendation and adopts it with respect to Metro Lounge.

Accordingly, despite their initial appearance, Metro Lounge and Essi are in default for "failure to otherwise defend." Fed.R.Civ.P. 55(a); *see generally City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011). The well-pleaded allegations of the complaint support a determination that they are liable as alleged. Therefore, plaintiffs are entitled to an entry of default and determination of liability against Metro Lounge and Essi. Default judgment cannot, however, be granted until the Court has determined the amount of damages. The Court prefers to do this by affidavit if possible. Plaintiffs are directed to apply by affidavit within 30 days for a calculation of damages by this Court. Because Metro Lounge and Essi initially appeared in this action, they are entitled to notice of plaintiffs' application. In the event the Court determines that a hearing is required, the parties will be notified. Under all the circumstances, the Court agrees that attorney's fees are not warranted.

It is therefore

ORDERED that the Order and Report and Recommendation (Dkt. No. 40) is accepted; and it is further

ORDERED that plaintiffs' motion (Dkt. No. 34) is denied as moot; and it is further

ORDERED that plaintiffs' motion (Dkt. No. 37) is granted; and it is further

ORDERED that plaintiffs are awarded an entry of default and determination of liability against Metro Lounge and Café LLC and Sammer Essi; that plaintiffs shall apply by affidavit within 30 days for a calculation of damages by this Court; that Metro Lounge and Café LLC and Sammer Essi are entitled to notice of the application; and that an award of attorney's fees is not

warranted; and it is further

      ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

      IT IS SO ORDERED.

September 18, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge