UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**BROADCAST MUSIC, INC.; MJ PUBLISHING TRUST,**

        **Plaintiffs,**

    -v-            5:10-CV-1149 (NAM/ABT)

**METRO LOUNGE & CAFÉ LLC, d/b/a/ METRO SUSHI BAR & LOUNGE, SAMMER ESSI, individually, and GABRIEL J. SANDE, individually,**

        **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Hodgson Russ LLP
Paul I. Perlman, Esq., of counsel
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Attorney for Plaintiffs

Sammer Essi
Defendant, *pro se*

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

  Having obtained an entry of default and determination of liability in this copyright infringement action against Sammer Essi ("Essi") and Metro Lounge & Café LLC ("Metro Lounge") on September 19, 2012 (Dkt. No. 42), plaintiffs moved on October 16, 2012 for an assessment of damages, attorney's fees, costs, and disbursements (Dkt. No. 43). On November 19, 2012, Essi requested an extension of time to respond to the motion (Dkt. No. 44). On December 5, 2012, the Court granted the request (Dkt. No. 45). On January 8, 2012, Essi filed a response (Dkt. No. 46).

As explained below, the Court grants the motion. The Court awards plaintiffs $8,000 in statutory damages, $13,443 in attorneys fees, and costs of $430, for a total of $21,873 against Essi and Metro Lounge. The Court also permanently enjoins Essi and Metro Lounge from infringing the copyrighted musical compositions licensed by plaintiff Broadcast Music, Inc.

## BACKGROUND

Before addressing plaintiffs' motion for assessment of damages (Dkt. No. 43) and Essi's January 8, 2012 response (Dkt. No. 46), the Court summarizes the history of this action. It was filed on September 24, 2010, and Metro Lounge and Essi were served with process on October 2, 2010 (Dkt. Nos. 6, 7). Plaintiffs obtained a Clerk's Entry of Default against all defendants on January 5, 2011 (Dkt. No. 11). The parties stipulated (Dkt. No. 13) to vacate the Clerk's Entry of Default on the ground that defendants had retained counsel, and on February 7, 2011, Magistrate Judge Andrew T. Baxter "so ordered" the stipulation (Dkt. No. 14). Thereafter, counsel filed an answer on behalf of all defendants (Dkt. No. 16).

Settlement efforts ensued. On July 15, 2011, defendants's counsel apprised the Court that Essi was leaving the country and would return before the fall semester at Syracuse University (Dkt. No. 20). Magistrate Judge Baxter scheduled a settlement conference for September 8, 2011 (Dkt. No. 21); this was cancelled twice, apparently due to Essi's unavailability and lack of communication with counsel (see Dkt. Nos. 22, 23, 24). On December 5, 2011, defendants' counsel moved (Dkt. No. 26) to withdraw on the ground of "Mr. Essi's continued lack of cooperation, and refusal to communicate, with counsel, and non-payment of our fees, all of which have occurred continuously throughout this litigation."

On January 3, 2012, Magistrate Judge Baxter held an in-person conference at which both

individual defendants appeared. Essi did not oppose defendants' attorney's motion to withdraw, and Magistrate Judge Baxter granted the motion. Magistrate Judge Baxter also issued a scheduling order.

New counsel appeared on behalf of defendant Gabriel J. Sande ("Sande") on February 7, 2012 (Dkt. No. 27). Magistrate Judge Baxter held a telephonic discovery conference on February 22, 2012, during which he advised Essi that, because he was not an attorney, he could not represent Metro Lounge. The Court directed Essi to secure an attorney to represent Metro Lounge by March 31, 2012. On March 12, 2012, Sande's counsel advised the Court that he would not be able to appear on behalf of Metro Lounge (Dkt. No. 29). On March 15, 2012, plaintiffs and Sande filed a stipulation of discontinuance solely as to the claims against Sande (Dkt. No. 30), and thereafter Magistrate Judge Baxter "so ordered" the stipulation (Dkt. No. 32).

On April 5, 2012, plaintiffs' counsel requested another conference (Dkt. No. 31), noting that Metro Lounge still had not appeared by counsel and that Essi had not fully complied with Court-ordered discovery. At the conference, which took place on April 25, 2012, Essi reported that he had been unable to retain an attorney to represent Metro Lounge. Magistrate Judge Baxter granted plaintiffs leave to file "whatever motions it deems appropriate with respect to the failure of the corporate defendant to continue to defend this case through counsel."

On June 8, 2012, plaintiffs moved (Dkt. No. 34) for an order providing that if Metro Lounge does not appear by counsel within fourteen days, plaintiffs may request a Clerk's Entry of Default. On June 26, 2012, plaintiffs moved (Dkt. No. 37) to strike Essi's answer and enter default against him for failure to provide discovery. On July 18, 2012, Magistrate Judge Baxter issued a Report and Recommendation (Dkt. No. 40), recommending (1) that a default judgment

-3-

with respect to liability be entered against defendant Metro Lounge based upon its failure to appear through counsel, and plaintiffs' motion (Dkt. No. 34) be denied as moot; and (2) that plaintiffs' motion for discovery sanctions in the form of a default judgment against Essi (Dkt. No. 37) be granted and a default judgment on liability be entered against him.

On September 19, 2012, this Court issued a Memorandum-Decision and Order accepting the Report and Recommendation in its entirety (Dkt. No. 42). In its Memorandum-Decision and Order, the Court stated: "The record reflects Magistrate Judge Baxter's extensive efforts to inform Essi of his disclosure obligations, to provide notice of the consequences of his failure, and to extend opportunities for him to comply." The Court added that, on *de novo* review, "the Court agrees with Magistrate Judge Baxter's conclusion that "defendant [Essi] has not acted in good faith with respect to plaintiffs' attempts at discovery, nor has he acted in good faith in complying with the court's orders." The Court continued:

> As for Metro Lounge, an artificial entity must appear by counsel; accordingly Essi's objection to the Report and Recommendation on behalf of Metro Lounge is a nullity, and Metro Lounge is deemed to have failed to object. The Court has reviewed the record and finds that Magistrate Judge Baxter gave Essi and Metro Lounge appropriate warning, notice, and opportunity to avoid default on the part of Metro Lounge.

The Court held that, despite their initial appearance, Essi and Metro Lounge were in default for "failure to otherwise defend." Fed.R.Civ.P. 55(a). The Court awarded plaintiffs an entry of default and determination of liability against Essi and Metro Lounge; directed plaintiffs to apply by affidavit for a calculation of damages by this Court; and noted that Metro Lounge and Essi were entitled to notice of the application.

**THE MOTION**

On October 16, 2012, plaintiffs made the instant motion for an assessment of damages,

-4-

attorney's fees, and costs against Essi and Metro Lounge (Dkt. No. 43). The motion was made on proper notice to Essi and Metro Lounge. As noted, on November 19, 2012, Essi requested an extension of time to respond (Dkt. No. 44). The Court granted the request in an order dated December 5, 2012 (Dkt. No. 45) which included the following ordering paragraphs:

> ORDERED that if Metro Lounge & Café LLC and/or Essi wish to oppose plaintiffs' motion, they must file and serve any responding papers within 30 days of the date of this Memorandum-Decision and Order; and it is further
>
> ORDERED that any papers on behalf of Metro Lounge & Café LLC must be submitted by an attorney; and it is further
> \*\*\*
> ORDERED that the Court will proceed by affidavit only, without a hearing, unless the Court notifies the parties otherwise after receiving additional submissions[.]

In his January 8, 2013 response to the motion (Dkt. No. 46), Essi states: "I had a friend who is willing to aid me who is an attorney at Hiscock Legal Aid if the judge permits." He adds that plaintiffs settled with his partner for $3,000, and that he would settle for the same amount, but that plaintiffs are seeking $24,000 in fines plus legal fees. He also states that he is not liable.

## DISCUSSION

The Court first considers Essi's January 8, 2013 response (Dkt. No. 46). Essi writes:

> I am writing on behalf of myself and Metro Lounge and Café opposing the plaintiffs' (BMI) motion for fees and lawyers expenses. As recommended by His Honor that an attorney answer on behalf of Metro Lounge, as mentioned before I could not afford one, but I had a friend who is willing to aid me who is an attorney at Hiscock Legal aid if the Judge permits.
>
> I would like to bring it to His Honors attention that BMI settled with my partner for $3.000.00 , and if that were the case I would settle for the same for myself and also the same for the LLC, but they are seeking $24,000 in fines and the more for legal fees. I wish to be heard and am not guilty because I can't afford a legal team to defend me or my company. Again, no malice was committed, as our satellite provider is licenced, and only the live music was covered by ASCAP but to be clear about the infringement they alleged it was

> a private function with a DeeJay, who is willing to admit he was hired and is licenced to play music, this is the truth, so to make me pay $50,000 and my partner $3,000 this is not justice....
>
> I request kindly that if you will allow this attorney to aid me, then please advise me so that I can retain her help and aid, so that I can move forward....

To the extent that Essi's January 8, 2013 letter may be read as another request for an extension of time to submit a response to plaintiffs' motion on behalf of himself individually, it is denied. The motion for assessment of damages was made on October 16, 2012. The Court has already given Essi additional time to submit opposition to the motion. Essi gives no explanation for his failure to comply with the Court's deadlines.

Likewise, if Essi's letter is read as seeking an extension of time for counsel to appear on behalf of Metro Lounge, it is denied. As the above history of this action demonstrates, both Magistrate Judge Baxter and this Court have repeatedly advised Essi that he cannot appear on behalf of Metro Lounge and that Metro Lounge must be represented by counsel. Metro Lounge remains in default.

Essi's letter also disputes his and Metro Lounge's liability. The issue of liability has already been decided against them (Dkt. No. 42). There is no basis to revisit the issue.

Finally, Essi's letter alludes to the damages and fees sought by plaintiffs. He does not dispute the amount other than to note that his partner settled for less and to express his opinion that it is "not justice." He does not raise question of fact requiring a hearing.

The Court adds that Magistrate Judge Baxter and this Court have been solicitous of Essi's *pro se* status throughout this action. Both Courts have clearly explained what is required, and have given him numerous opportunities to interpose a defense, cooperate with discovery, retain counsel, and otherwise comply with the Courts' orders. Essi has failed to take advantage of these

opportunities, engaging instead in a strategy of noncompliance and delay.  Indeed, Magistrate Judge Baxter, who has been deeply involved in handling this case, including holding conferences both in person and by telephone, concluded that "defendant has not acted in good faith with respect to plaintiffs' attempts at discovery, nor has he acted in good faith in complying with the court's orders." (Dkt. No. 40.)  There is no basis to afford him further lenience.  Therefore, plaintiffs are entitled to an assessment of damages and attorney's fees without further delay.

Plaintiffs' motion to assess damages and attorney's fees (Dkt. No. 43) is properly supported by declarations and documentary evidence.  Plaintiffs' submissions establish their entitlement to recover statutory damages for copyright infringement against Essi and Metro Lounge for the unlicensed public performance at Metro Lounge of three songs on November 6, 2009.  Plaintiffs further show that the infringements were willful.  As such, plaintiffs are entitled to recover "not less than $750 or more than $30,000" per infringement.  17 U.S.C. §504(c)(1).  Moreover, where, as here, the plaintiff "sustains the burden of proving ... that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. §504(c)(2).  Within these statutory limits, the Copyright Act affords the Court "wide discretion." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986).

In exercising its discretion in awarding statutory damages for the infringing conduct, the Court considers "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right*

*Prods., Inc*., 603 F.3d 135, 144 (2d Cir. 2010). Here, plaintiffs submit evidence of the numerous notices to Essi and Metro Lounge between January 2008 and November 2009, including 31 letters, 61 telephone calls, and two personal conversations with Essi. In view of the three infringements on November 6, 2009 relied upon in the complaint, the evidence supports a finding that Essi's conduct was deliberate and the infringements willful. Thus, factors (1) and (6) weigh heavily against Essi and Metro Lounge. As for factor (5), Essi has been uncooperative throughout. Regarding factors (2) and (3), plaintiffs submit proof that the annual license fee would have been $2,013 in 2008 and approximately $2,659 each year thereafter. Regarding factor (4), certainly the award for infringement must substantially exceed the cost of obtaining a license in order to have a deterrent effect on the infringer and third parties. The complaint specifically alleges infringing performances on November 6, 2009, and no others; thus, Essi and Metro Lounge should have paid a licensing fee of approximately $2,659 for 2009. In its discretion, based on the willful conduct of Essi and Metro Lounge in committing the copyright violations in 2009, and for the purpose of deterring future violations, the Court awards statutory damages in the sum of $8,000, slightly more than three times the licensing fee for 2009.

Plaintiffs also request an award of attorney's fees. The Court in its discretion may award a reasonable attorney's fee to the prevailing party in a copyright infringement action. *See* 17 U.S.C. § 505; *Bryant*, 603 F.3d at 144. In deciding whether to make such an award, the Court considers (1) the frivolousness of the losing party's claims or defenses; (2) the losing party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence. *See id.* The third factor, objective unreasonableness of the claims or defenses, is given substantial weight. *See id.* Here, plaintiffs' submissions and the default by

Essi and Metro Lounge establish the frivolousness and objective unreasonableness of the defense under factors (1) and (3). Regarding Essi's motivation, factor (2), this Court and Magistrate Judge Baxter have concluded that Essi did not act in good faith in defending the action, but rather engaged in a strategy of noncompliance and delay. A large number of the hours expended by plaintiffs' counsel are attributable to Essi's obstructionary conduct. Under these circumstances, an award of attorney's fees is warranted as compensation to plaintiffs and as a deterrent against such conduct on the part of Essi and other infringers.

In the Second Circuit, attorney's fee awards are based on a "presumptively reasonable fee" reached by multiplying the hours reasonably expended by the reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). A court determines the hours reasonably expended by reviewing contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

To determine the reasonable hourly rate, a court considers "what a reasonable, paying client would be willing to pay," *Arbor Hill*, 522 F.3d at 184, taking into account "case-specific considerations." *McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010). The Second Circuit writes:

> [T]he district court should, in determining what a reasonable, paying client would be willing to pay, consider factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation

-9-

> himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184.  Where, as here, the services are performed by counsel based in another district, there is a presumption in favor the hourly rates employed in the district in which the reviewing court sits.  *See Simmons v. New York City Trans. Auth.*, 575 F.3d 170, 172, 174-75 (2d Cir. 2009).  To overcome the presumption, the applicant "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* at 176.

      Here, the Court reviews counsel's detailed billing records, taking into consideration the procedural history of this case.  The billing records for 2010 show 3.9 hours for Attorney Perlman; one hour for Leslie Fischer, a legal assistant; and 0.1 hours for Betsy J. Mills, whose status is not disclosed.  The billing records for 2011 show 25 hours for Attorney Perlman, and 0.2 hours for Leslie Fischer.  The records for 2012 show 39.7 hours for Attorney Perlman.  The Court removes from the calculation 0.3 hours for a conversation with defendant Sande in 2010, and 2.1 hours attributed to plaintiffs' settlement with Sande in 2012.  The Court also removes a substantial amount of time attributed to communications with M. Velasquez and/or M. Zarr, resulting in the elimination of 2.2 hours in 2010, 12.6 hours in 2011, and 7.8 hours in 2012.  There is no explanation of who these people are or why so many hours were spent in communication with them.  Based on these numbers, the Court finds that the following hours were reasonably expended in prosecuting this action against Essi and Metro Lounge: for the services of Leslie Fischer, 1.2 hours; and for the services of Attorney Perlman, 1.4 hours in 2010,

12.4 hours in 2011, and 29.7 hours in 2012.

As for the hourly rate, Attorney Perlman states that he graduated from Harvard Law School; that he has been a partner in Hodgson Russ for 26 years; that he is based in the Western District of New York; that he has been handling plaintiff Broadcast Music, Inc's cases for nearly 30 years; that more than half his practice consists of intellectual property litigation; and that he has handled hundreds of federal court intellectual property litigations. He states that his hourly billing rate during 2010 was $360 during 2010, $370 during 2011, and $400 in 2012. Intellectual property law, and specifically copyright law, is a complex area of the law requiring specialized knowledge, and the Court recognizes Attorney Perlman's extensive experience and ability as an attorney specializing in this field. The Court finds no particularized showing that a reasonable client in the Northern District of New York would have selected out-of-district counsel predicated on experience-based, objective factors, or because doing so would likely produce a substantially better net result. Therefore, the hourly rate is calculated by considering what a reasonable, paying client would be willing to pay in the Northern District for a highly experienced lawyer specializing in intellectual property law, specifically copyright law. Taking into account the relevant factors, the Court finds as follows: that this particular case is not a highly complex or difficult copyright law case; that the greatest challenges in litigating this case arose from Essi's obstructionary conduct; and that Essi's conduct not only delayed the progress of the case, but also resulted in needless extra effort on the part of counsel. Counsel dealt with Essi's conduct appropriately, provided plaintiffs with high-quality legal services, and ultimately obtained an excellent result for plaintiffs. Courts in the Northern District have recently approved hourly rates for partners between $300 and $345. *See, e.g., Bosket v. NCO Fin. Sys., Inc*., 2012 WL 4093023,

\*3-4 (N.D.N.Y. Sept. 17, 2012) ($335/hour for partners); *Aquent, LLC v. Atlantic Energy Servs., Inc.*, 2012 WL 1005082, \*3 (N.D.N.Y. Mar. 23, 2012) ($345/hour for partners); *Jimico Enters., Inc. v. Lehigh Gas Corp.*, 2011 WL 4594141, \*10 (N.D.N.Y. Sept. 30, 2011) ($300/hour for partners). In view of all the circumstances, the Court finds that the reasonable hourly rate in the Northern District for Attorney Perlman's services in this case is $300 per hour in 2010 and 2011, and $310 per hour in 2012. The Court awards $420 for 2010 (1.4 hours x 300); $3,720 for 2011 (12.4 hours x 300); and $9,207 for 2012 (29.7 hours x 310), for a total of $13,347. The prevailing hourly rate for a paralegal is $80. *See Bosket*, 2012 WL 4093023 at \*4; *Lee v. City of Syracuse*, 2012 WL 2873533, \*2 (N.D.N.Y. Jul. 12, 2012). For Leslie Fischer's 1.2 hours of service, the Court awards $96. Thus, the total sum of legal fees recoverable is $13,443. Plaintiffs are also entitled to recover as costs the filing fee of $350, plus the process server fee of $80, for a total of $430.

Plaintiffs request a permanent injunction restraining Essi and Metro Lounge from committing further acts of copyright infringement. *See* 17 U.S.C. § 502(a). To obtain a permanent injunction in a copyright infringement case, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Here, plaintiffs have succeeded on the merits. Plaintiffs' proof that Essi and Metro Lounge infringed their copyrights, despite repeated notices and warnings, supports the inference that without a permanent injunction Essi and Metro Lounge will continue their illegal conduct.

Monetary damages awarded "after the fact" do not provide an adequate remedy in a case such as this where the actual loss caused by the infringement cannot be measured.  Moreover, plaintiffs should not be required to bring repeated lawsuits to protect their rights.  The Court concludes that plaintiffs have sustained and will likely continue to sustain irreparable injury, and that the remedies available at law are inadequate compensation.  The balance of hardships weighs in plaintiffs' favor; Essi and Metro Lounge suffer no hardship by being required to comply with the law and obtain a license to use plaintiffs' musical compositions, whereas plaintiffs suffer hardship in being deprived of their legal rights.  The public interest would be served by an injunction compelling Essi and Metro Lounge to comply with a law which they have willfully flouted.  Therefore, the Court permanently enjoins and restrains defendants their agents, servants, employees, and all persons acting under their permission and authority, from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

## CONCLUSION

It is therefore

ORDERED that plaintiffs' motion (Dkt. No. 43) for an assessment of damages, attorney's fees, and costs is granted; and it is further

ORDERED that plaintiffs are awarded $8,000 in statutory damages, $13,443 in attorneys fees, and costs of $430, for a total of $21,873 against Sammer Essi and Metro Lounge and Café LLC, jointly and severally; and it is further

ORDERED that defendants Sammer Essi and Metro Lounge and Café LLC, and their agents, servants, employees, and all persons acting under their permission and authority, are hereby permanently enjoined from infringing, in any manner, the copyrighted musical

compositions licensed by Broadcast Music, Inc.; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   January 24, 2013
        Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge